Terri H. Didion, Assistant United States Trustee                     E-Filed: October 19, 2022
State Bar No. CA 133491
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel.: (702) 388-6600
Fax: (702) 388-6658
carlos.hernandez-vivoni@usdoj.gov

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No: 22-13186-abl |
|---|---|
|  | Chapter 11 (Subchapter V) |
| **NEWTON CONSTRUCTION LLC** |  |
| Debtor. |  |

**OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO THE APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files her objection (the "Objection") to the *Application to Employ Attorney Under General Retainer* [ECF No. 14] (the "Application") filed by captioned Debtor Newton Construction LLC ("Debtor").[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to the bankruptcy docket for case number 22-13186-abl. The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee

1

# INTRODUCTION

The U.S. Trustee objects to the Application to employ Corey B. Beck, Esq. ("Beck") as counsel for the estate and requests that the Court deny the Application for the following reasons. First, the Application fails to disclose in detail all connections between counsel and the Debtor to assess whether there are any conflicts that may disqualify the Firm from being employed pursuant to 11 U.S.C. § 327. Second, the Attorney- Client Fee Agreement improperly designates the paid retainer fee as non-refundable. Third, the Application seeks relief under Section 328(a) as to the terms of compensation. The Debtor has not met its burden of showing that the Section 328 terms are appropriate and in the best interests of the estate. The Application lacks evidence, as opposed to conclusory statements, required to satisfy that burden. Accordingly, the Application should be denied.

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES
## BACKGROUND FACTS

1. On September 2, 2022, Debtor commenced this case by filing a voluntary petition under Subchapter V of Chapter 11. [*See* ECF No. 1, p. 2 of 36; #8].

2. The U.S. Trustee appointed Jeanette E. Mcpherson as Subchapter V Trustee on September 7, 2022 in this case. [*See* ECF No. 8].

---

submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

3.    Debtor's Section 341 meeting of creditors was scheduled for October 6, 2022. [*See* ECF No. 6].

4.    Debtor filed its schedules and statement of financial affairs ("SOFA") on September 2, 2022.  [*See* ECF No. 1].

5.    Debtor's SOFA discloses a payment related to this bankruptcy proceeding, paid to Beck in the amount of $11,738.00 on August 29, 2022.   [*See* ECF No. 1, p. 24 of 36; #11.1].

6.    A disclosure of compensation pursuant to FRBP 2016 was filed on September 2, 2022.  [*See* ECF No. 1, p. 30 of 36].

7.    On September 9, 2022, the Debtor filed an Application that seeks to employ Beck as counsel for the estate pursuant to Section 327(a) and to approve the terms of Beck's retention and compensation pursuant to Section 328(a).  [*See* ECF No. 14., p. 3 of 8; lines 18-24].

8.    The Application is supported by the declaration of Corey B. Beck ("Beck Declaration"). [*See* ECF No. 15].

9.    The Beck Declaration includes an Attorney Client- Fee Agreement ("Engagement Agreement") signed by the Debtor on September 1, 2022. [*See* ECF No. 15-1]

10.    As indicated in the Application, "<u>Debtor paid retainer of $11,738.00</u>." [*See* ECF No. 14, p. 3 of 8; lines 16-17 (emphasis added).

11.    The Application seeks approval for Debtor to pay Beck at an hourly rate of $400.00, and $125.00 for paralegals.  [*See id.*, p. 3 of 16, lines 10-12; and p. 16 of 16, lines 6-7].

12.    The Engagement Agreement specifies that the Debtor paid Beck $10,000.00, as a retainer, plus the filing fee of $1,738.00, for a total payment of $11,738.00.  [*See* ECF No. 15-1, p. 2 of 3].

13.    The Engagement Agreement further specifies that the $10,000.00  retainer is non-refundable.  [*See* ECF No. 15-1, p. 2 of 3].

14. The Beck Declaration discloses that he has previously represented the Debtor in "other business matters". [*See* ECF No. 15-1., p. 1 of 5; lines 21-23]

15. As of the date this Objection was filed, the Application has not been noticed for hearing. [*See generally* case docket].

## ARGUMENT

**A.   *The Application Should be Denied for Failure to Make Adequate Disclosures Required by FED. R. BANKR. P. 2014.***

16. An application to employ an estate professional must:

> [S]tate the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a trustee "with the court's approval, may employ one or more attorneys, accountants … or other professional persons, that do not hold or represent an interest adverse to the estate, and that are <u>disinterested persons</u>, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a) (emphasis added); *see also Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis)*, 347 B.R. 679, 687 (B.A.P. 9th Cir. 2006).

18. The burden is on the applicant to come forward with facts pertinent to the proposed professional's eligibility and to make full, candid, and complete disclosures. *See* Fed.

R. Bankr. P. 2014(a); *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 237 (Bankr. E.D. Cal. 1988).

19. The Ninth Circuit applies the disclosure requirements of Fed. R. Bankr. P. 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996); *see also Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis)*, 347 B.R. 679, 693-94 (B.A.P. 9th Cir. 2006).

20. Failure to disclose is alone a sufficient basis for denying a professional's employment. *See In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988) (citing *Diamond Lumber, Inc. v. Unsecured Creditor's Comm.*, 88 B.R. 773, 777 (N.D.Tex.1988).

21. Under FRBP 2014(a), proper disclosure is necessary to enable the court to make an informed decision as to whether the applicant meets the statutory requirements for employment under Section 327(a), *i.e.*, that such person does not "hold or represent an adverse interest to the estate" and is a "disinterested person." 11 U.S.C. § 327(a); *Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park–Helena Corp.*), 63 F.3d 877, 881 (9th Cir. 1995). "All facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed." *Id*. at 882 (quoting *In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990). *See In re B.E.S. Concrete Prod., Inc.*, 93 B.R. at 236 ("The disclosures must appear in the application and declaration required by Bankruptcy Rule 2014(a). It is not sufficient that the information might be mined from petitions, schedules, section 341 meeting testimony, or other sources.")

22. Established law in this circuit compels professionals like Beck to comply with the

Bankruptcy Code and Rules, and to make all of the disclosures they require. *See Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 881-82 (9th Cir. 1995).

23. Although the Beck Declaration discloses that the Debtor was previously represented by Beck in "other business matters", the Application and Beck Declaration fail to disclose the details surrounding this previous representation, facts that are pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate.

24. The failure to disclose those facts in detail provides cause to deny the Application. For this reason, the Application should not be approved.

25. In addition, the United States Trustee reserves her rights to make additional objections based on supplemental disclosures by Beck or the Debtor.

   **B.**   **The Retainer Paid by Debtor Should not be Approved as a Non-Refundable Retainer.**

26. The Engagement Agreement provides that the $10,000 retainer is non-refundable. [*See* ECF No. 15-1, p. 2 of 3].

27. Several types of retainers are used by attorneys in fee arrangements: (a) a 'classic' retainer that is given to insure and secure an attorney's future services and induce him to act for the client, *see Rus, Miliband & Smith, APC v. Yoo (In re Dick Cepek, Inc.),* 339 B.R. 730, 736 n. 5 (B.A.P. 9th Cir. 2006); (b) an 'advance payment' retainer where a debtor pays a flat fee for all or a portion of the services to be rendered by the attorney in advance, *see In re GOCO Realty Fund I*, 151 B.R. 241, 251 n. 11 (Bankr. N.D. Cal. 1993); or, (c) a security retainer, which is held as security for payment of fees for future services to be rendered by the attorney, *see In re Dick Cepek, Inc.*, 339 B.R. at 736.

28. Whereas classic and advance payment retainers are considered to be earned-on-

receipt, entitling an attorney to the retainer at the time of payment, a security retainer differs from an earned-on-receipt retainer because the money is property of the estate until the attorney is authorized to apply it to charges for services actually rendered, it is held in an attorney's client trust account, and any unearned funds are returned to the client. *See In re Dick Cepek, Inc*., 339 B.R. at 736; *see also In re Blackburn*, 448 B.R. 28, 35 (Bankr. D. Idaho 2011).

29. While the issue of whether a debtor's interest in a retainer is property of the estate is a question of federal law, "bankruptcy courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case." *McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1078 (9th Cir. 2000) (citing *Butner v. United States*, 440 U .S. 48, 55 (1979) ("Property interests are created and defined by state law.")); *see also In re Blackburn*, 448 B.R. 28 at 35; *In re Danner*, Case No. 11-00651-TLM, 2012 WL 3205242 at *5 (B.A.P. 9th Cir. 2012).

30. The Nevada Rules of Professional Conduct ("NRPC") appear to mandate security retainers. NRPC 1.5(a) requires fees to be reasonable: "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." NRPC 1.15(c) provides that "[a] lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred." In addition, NRPC 1.16(d) requires that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred." *See* NRPC 1.5, 1.15 & 1.16, https://www.leg.state.nv.us/CourtRules/RPC.html (Amendments Through September 29, 2022).

31. The Application sets forth that the attorney's fees will be approved through a fee application, under a general retainer, at the hourly rate charge by the professional person due to the unknown length and extend of the services to be performed. [*See* ECF No. *14.*, p. 3 of 8; lines 18-24]. The Application supports the fact that the retainer is not an earned-on-receipt retainer, but instead a security retainer where fees are determined and earned as the hours are worked and the retainer. As such, the retainer is used as a source of payments for future services. Notwithstanding its characterization as non-refundable, the retainer fee paid by Debtor pursuant to the Engagement Agreement is a security retainer. [See ECF No. 15-1, p. 2 of 3, ¶ 4]. *See In re C&P Auto Transp., Inc.,* 94 B.R. 682, 687 (Bankr. E.D. Cal. 1988) (the substance, not the name of a retainer determines its nature and legal attributes).

32. "Because a security retainer remains the client's property until it is earned and applied to services rendered, it must be held in an attorney's client trust account. Thus, security retainers are routinely held to be property of the estate." *In re Blackburn*, 448 B.R. at 35.

33. Here the retainer is property of the estate up an until the Court authorizes compensation to be charged against it. Any unearned funds must be returned to the Debtor. *See In re Dick Cepek, Inc.*, 339 B.R. at 736.

34. The terms of the Engagement Agreement, in as much as it characterized the retainer fee paid by Debtor as non-refundable, should not be approved.

   C. ***The Proponent of the Application Fails to Carry the Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation Included in the Application and Supporting Declaration.***

35. While Section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under Section 327. Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value

8

of such services, taking into account all relevant factors.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting Section 330(a)).

36. Section 328 operates differently and "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment" (quoting Section 328(a)). Thus, pre-approval of compensation pursuant to Section 328 is not lightly permitted. *Owens v. United States Trustee (In re Owens)*, No. CC-13-1252, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

37. Section 328 only provides the possible basis for approval of terms of compensation. *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

38. "The differences between §§ 328 and 330 affect the timing and process of the court's review of fees." *Miller Buckfire & Co., LLC v. Citation Corp. ( In re Citation Corp.)*, 493 F.3d 1313, 1318 (11th Cir. 2007). Under Section 328, "the bankruptcy court reviews the fee at the time of the agreement and departs from the agreed fee only if some unanticipated circumstance makes the terms of that agreement unfair. Under Section 330, the court reviews the fees after the work has been completed and looks specifically at what was earned, not necessarily at what was bargained for at the time of the agreement." *Id*.

39. The burden of proof to establish the terms and conditions of employment – including the imposition of Section 328(a) – is on the applicant. *Nischwitz v. Miskovic (In re*

9

*Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (quoting *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262 (3d Cir. 1995)). To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *Unsecured Creditors' Comm. v. Pelofsky* (*In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

40. Debtor seeks to have Beck's hourly rate approved through the Application. *See* ECF No. 14.

41. Both the Application and the supporting declaration fail to establish the reasonableness of the terms and conditions of compensation for which Debtor seeks Court approval.

42. Pre-approval of a professional's terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed. *See* 11 U.S.C. § 328(a); *see also Friedman Enters. V. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 Inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C § 328.").

43. Approving an arrangement under Section 328 removes the standard of reasonable compensation based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all of the relevant factors" under Section 330, and instead

replaces it with a standard that severely constrains the Court's authority to only disallow compensation that is "improvident in light of developments not capable of being anticipated at that time." 11 U.S.C. §328(a).   The Court should not allow Beck to bypass a full post-hoc reasonableness inquiry if employment is approved under 11 U.S.C. §327.

44.     Debtor has not met its burden of proof to demonstrate why Beck's terms of compensation are reasonable under 11 U.S.C. §328(a) and should be approved at the outset of Beck's representation of the Debtor instead of being subject to review once Beck seeks compensation, including at the end of the case once the Court and parties-in-interest can better assess Beck's performance.  A professional's requested invocation of Section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme. A professional should not automatically expect approval of its retention under Section 328 just because it asks for it.  According, the Court should deny the request to pre-approve the terms of Beck's compensation under Section 328.

45.     Further, and to the extent that Counsel seeks approval of a non-refundable retainer as part of terms and conditions of employment under Section 328, he has not satisfied his burden that the terms and conditions of the Engagement Agreement are reasonable and should not be allowed. *See, e.g., In re C&P Auto Transport, Inc.*, 94 B.R. at 687 ("A putatively nonrefundable retainer is made vulnerable to refund under any of three provisions of the Bankruptcy Code—section 329 review for reasonableness, preference, or fraudulent transfer.").

46.     Thus, the Court should not approve terms and conditions of employment under Section 328.

////

# CONCLUSION

47. The Application fails to explain the previous representation of Debtor by counsel which is necessary in order to assess whether there are any conflicts that may disqualify Beck from being employed pursuant to 11 U.S.C. § 327.

48. The non-refundable nature of the retainer should not be allowed. The retainer as property of the estate should be held in trust, subject to awards of attorney's fees, to the provisions of the Bankruptcy Code, and any unearned funds must be returned to the client

49. As discussed above, terms of employment and compensation pre-approved under Section 328 should not be granted lightly. The Debtor has not met its burden of showing that limiting review of Beck's fees to the standards set forth in Section 328 terms is appropriate.

50. For the reasons set forth herein, the Application should be denied.

51. The U.S. Trustee reserves all her rights under the Bankruptcy Code and FRBP, including to object to any amendments or supplements to the Application or to any fee applications filed by or on behalf of Beck as counsel for the estate.

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny the Application.

Dated: October 19, 2022

**TRACY HOPE DAVIS**
**UNITED STATES TRUSTEE, REGION 17**
By: */s/ Carlos R. Hernandez-Vivoni*
Carlos R. Hernandez-Vivoni, Esq.
Trial Attorney